BLD-177                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1148
_____

LARRY DEAN DUSENBERY,
                                                          Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-17-cv-02402)
District Judge: Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 12, 2018
Before:  RESTREPO, BIBAS, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: April 24, 2018)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Larry Dusenbery, a federal prisoner currently confined in USP-

Allenwood, appeals from an order of the United States District Court for the Middle

_____

        [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

District of Pennsylvania dismissing for lack of jurisdiction his petition for habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 1994, Dusenbery was convicted by a jury in the United States District Court for the Northern District of Ohio of engaging in a conspiracy to distribute more than five kilograms of cocaine hydrochloride, in violation of 18 U.SC. § 846. Prior to trial, the Government filed an information pursuant to 21 U.S.C. § 851, notifying Dusenbery that it would rely on three previous felony convictions when seeking an enhanced sentence. See D. Ct. Dkt. No. 1-1 at 4-5. These convictions were as follows: (1) a 1984 conviction for conspiracy to traffic in cocaine in Broward County, Florida; (2) a 1986 federal conviction in the Northern District of Ohio for unlawful possession of cocaine with intent to distribute; and (3) a 1986 conviction for aggravated trafficking in Summit County, Ohio. The procedural history of this case leading up to the final sentencing hearing is complex and need not be recounted in detail here,[1] but, ultimately, in light of those convictions, Dusenbery was sentenced to the mandatory minimum term of life in prison. See 21 U.S.C. § 841(b)(1)(A). The United States Court of Appeals for the Sixth Circuit affirmed this judgment of conviction and sentence on appeal. See United States v. Dusenbery, 78 F. App'x 443, 451 (6th Cir. 2003).

---

[1] See Dusenbery v. United States, Nos. 5:00-cv-01781, 5:91-cr-00291, 2000 WL 33964135, *1-2 (N.D. Ohio Oct. 31, 2000), for a complete review of this procedural history.

In 2004, Dusenbery filed a motion pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. See Dusenbery v. United States, N.D. Ohio No. 04-cv-00621. The District Court denied the motion on the merits, id. (order entered June 18, 2004), and the Sixth Circuit declined to issue a certificate of appealability, United States v. Dusenbery, 6th Cir. C.A. No. 04-3887 (order entered Nov. 18, 2004). In the Sixth Circuit, Dusenbery has sought, and been denied, permission to file a second or successive § 2255 motion.

Dusenbery then filed the § 2241 habeas petition at issue here while incarcerated within this Circuit. He argues therein that his enhanced sentenced is unlawful under Mathis v. United States, 136 S. Ct. 2243 (2016). Specifically, he contends that the Ohio and Florida statutes under which he was convicted are no longer considered "felony drug offenses" in light of the Mathis decision. Dusenbery argues that he should, therefore, be resentenced without the enhancement. The District Court dismissed the petition for lack of jurisdiction. Dusenbery appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As we have explained, "under the explicit

3

terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. at 538. This exception is narrow and applies in only rare circumstances. See In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997); see also Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

In his § 2241 petition, Dusenbery argues that the Ohio and Florida drug trafficking statutes under which he was convicted are divisible and contain a broader range of drugs than has been included in the federal controlled substance schedule since 2010. For these reasons, he asserts that neither his Ohio nor his Florida conviction can be used as a predicate § 851 enhancement, and that he is, therefore, not subject to the sentencing enhancement. He purports to rely on Mathis, in which the Supreme Court stressed that, for purposes of applying the categorical (or modified categorical) approach, a statute is divisible only when it sets forth different elements delineating separate crimes, not when it sets forth different means of committing a single crime. See 136 S. Ct. at 2253.

The District Court properly rejected the petition. We have not held that claims challenging the application of a sentencing enhancement fall within the exception to the rule that habeas claims must be brought in § 2255 motions. See, e.g., Gardner, 845 F.3d at 103. And, in any event, Dusenbery has not shown that Mathis constituted an

4

intervening change in law which made available to him the argument that he presents here, that the Ohio and Florida lists of controlled substances contain a broader range of drugs than the federal controlled substance schedule such that neither the Ohio nor the Florida conviction can be used as a predicate § 851 enhancement.

Accordingly, we will affirm the judgment of the District Court.